The opinion of the court was delivered by
Mare, J.
This suit was brought to recover a balance of account for merchandise, which, it is alleged, Kern promised to pay, and Marx, in writing, guaranteed.
Defendants excepted to the jurisdiction of- the district court, on the ground that the amount in dispute is made up of principal and interest, and that it does not exceed $500, exclusive of interest.
' The goods were sold in 1873; and the precise allegation of the petition is that Kern promised to pay the balance sued for,tc as shown by ■the specific bill hereto annexed.” This bill is an account, containing all the items to the debit and credit, with interest on each to ninth February, 1877, about two months before the suit was brought. If this allegation be true, it would simply mean that Kern had consented that the balance shown by that account, $547 61, should be capitalized on the ninth February, 1877; and this balance would be a, new debt, the princi *1264 pal sum, bearing interest only in futuro. The district judge correctly overruled the exception.
Kern plead the general issue, and the prescription of three years. Marx specially denied that he ever assumed to pay plaintiffs the account sued on. He avers that in March or April, 1873, he agreed to become surety to plaintiffs for the purchase price of one lot, invoice, or stock of goods to be furnished to Kern, and that they were, shortly after, paid for by Kern; and that he, Marx, never, thereafter, assumed, or in any manner bound himself for any indebtedness of Kern. He pleads the prescription of three years; and that plaintiffs, by delay and negligence, have lost their action against Kern, and thereby discharged any surety he may have given.
The judgment of the district court was in favor of plaintiffs, against defendants, in solido, for the $547 61, with legal interest from, judicial demand, eleventh April, 1877; and Marx appealed.
If Kern had appealed, we should affirm the judgment against him. As he has not appealed, it is necessary to consider the case against him in so far only as it may affect his surety, Marx. He testified that plaintiffs had written to him about this debt, asking payment. “ I don’t think, though, they have since January, 1874. I think I replied to their letters and begged time on the debt. I consider that I promised to pay it. In these letters to me the amount of the balance due by me was mentioned.”
In Robinson vs. Day, 7 An. 201, this court held that letters written by the debtor to his creditor, declaring his inability to pay, and asking for indulgence, is such an acknowledgment of liability as interrupts prescription. It is manifest from part of Kern’s testimony, on cross-examination, that the account sued on was shown to him, at the office of plaintiff’s attorneys ; and that he looked at the closing and balance brought down. Precisely what he said to the attorneys at that time is not shown.
We think there was such an acknowledgment by Kern as takes the case out of prescription; and that the surety is bound by this acknowledgment so far as the plea of prescription by him is concerned. R. C. O. 3553.
The liability of Marx for the debt of Kern can not be proven otherwise than by written evidence. R. C. C..art. 2278. The written evidence in this case consists of two letters of Marx' to Bloom & Co., dated at Monroe, one on the seventh, the other on the ninth April, 1873. The first part of the letter of seventh April relates to his own business, ordering goods for himself. It concludes thus: “ My brother-in-law, Mr. L. Kern, tells me that he selected some groceries at your house, which you, however, will not ship, without my say so. Please ship the same by the first boat out, and I will see that every thing is right.”
*1265 The letter of ninth April' is as follows: “ Yours of fifth came to hand, with invoice. In reply, Mr. Kern, I want you to ship the goods he selected, and I will see it paid in time. You shall be safe if it takes the last dime I have. I will tell you more when I see you. My regards to your family.”
The testimony shows that Kern had gone to New Orleans, and selected a stock of groceries, which Bloom & Co. would not sell him on his own credit. He either returned to Monroe, or wrote to Marx; and the result 'was the two letters just mentioned. On the twelfth April Bloom & Co. sold the goods to Kern, the whole amounting to $640 87. They subsequently sold other'goods'to Kern,'on the thirtieth April, thirteenth and twenty-ninth May, twenty-third June, and ninth July, 1873, the whole aggregating $1063 91.
Kern remitted sums of money, and made payments to Bloom & Co. at different times, twenty-ninth April, thirteenth and twenty-fifth May, eighteenth June, ninth July, 1873, arid sixth and fifteenth January, 1874, amounting to $654 56, carried by Bloom & Co. into general account in the settlement sued on.
It is manifest that the letters of Marx of seventh and ninth of April were not intended, nor can they be construed' as a continuing guarantee. They are limited to the single transaction, the purchase of the goods which Kern had already selected, and which, on the faith of these letters, were sold and delivered by Bloom & Co. to Kern on the twelfth April, 1873. There is nothing in these letters indicating the intention of Marx to be surety for the price of any other goods, that might afterward be selected by Kern, and sold to him by Bloom & Co.; and the amount, as we have seen, was $640 87. The interest on this amount, from the twelfth April, 1873, to the fifteenth January, 1874, the date of the last credit, at five per cent, would be $24 74, which, added to the $640 87 gives total $665 61: and interest on the several items of credit, at the same rate, to same date, would be $21 69, which added to the credits, $654 56, gives total $676 25. Bloom & Co. have calculated the interest at eight per cent; but whatever the rate may be, the resuit would be the same, that is, the credits and interest would exceed the debt guaranteed by Marx, and the interest. Bloom & Co. have made up a single account; but in it the several purchases, at their respective dates, are footed separately, thus distinguishing them, the one from the other: so that each invoice was kept and treated as a separate purchase. This was necessary, because Albert Bloom and Isaac Bloom, witnesses in their own» behalf, testified that all the sales to Kern were on sixty days time, as usual. So that Kern owed Bloom & Co. as many different debts, of a like nature, as there were different invoices, each exigible at-the expiration of sixty days from the date of each purchase, respectively.
*1266 The Code declares that when the debts are of like nature, the imputation of payments is made to the debt which has been longest due. B. O. 0. art. 2166. We think the debt guaranteed by Marx was extinguished on the fifteenth January, 1874, more than three years before the account sued on was made up; and while it might have been competent for Kern, as between himself and Bloom & Go., to have consented to the account as made up ninth February, 1877, he could not bind Marx to pay eight per cent interest, charged in the account for nearly four years, nor deprive Marx of the extinction, by legal imputation, more than three years before this suit was brought, of that part of the debt, the oldest in date, for which he was surety.
Of course the judgment against Kern, from which he has not appealed, will not be disturbed by our decree; and we deal with the judgment of the district court only in so far as it affects the appellant, Simon Marx.
It is therefore ordered, adjudged, and decreed that the judgment appealed from, in so far only as it condemns Simon Marx, the appellant, in solido with Leon Kern, be and the same is hereby annulled, avoided, and reversed; and the demand of plaintiffs, appellees, I. Bloom & Co., against the said Simon Marx is rejected and dismissed, the .costs of this appeal and the costs incurred by the said Simon Marx in the district court to be borne and paid by the said appellees, I. Bloom & Co.